# JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. SACV 11-01346-CJC(ANx)                    Date:  February 27, 2012

Title: THE BANK OF MELLON NEW YORK V. KYUNG R. LEE CHOE

PRESENT:

### HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE

Michelle Urie                              N/A
Deputy Clerk                        Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                        None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** [filed 02/03/12]

Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 5, 2011 at 1:30 p.m. is hereby vacated and off calendar.

**Introduction and Background**

On March 14, 2011, Plaintiff The Bank of New York Mellon, formerly known as The Bank of New York, solely in its capacity as trustee for the benefit of the Certificateholders of the CWABS Inc., Asset-Backed Certificates, Series 2004-6 ("Plaintiff") filed this unlawful detainer action against Defendant Kyung R. Lee Choe in Orange County Superior Court, arising from the possession of the property located at 5829 Los Pacos Street in Buena Park, California (the "Property"). (Dkt. No. 1, Exh. A [Complaint]; Pl.'s Req. for Jud. Notice, Exh. D [Complaint].) Ms. Choe had title to the Property until the Property was sold to Plaintiff in a nonjudicial foreclosure sale. (Compl. ¶¶ 1, 5, 6.) On March 4, 2011, Plaintiff served on Ms. Choe a Notice to Quit within three days. (*Id.* ¶ 9, Exh. B [Notice to Quit].) Ms. Choe, however, refused to deliver up possession of the Property. (*Id.* ¶ 10.) Plaintiff seeks possession of the Property, pursuant to Cal. Code Civ. Proc. § 1161a. (*Id.* ¶ 11.) Plaintiff additionally seeks restitution and damages at the rate of $98.07 per day—the reasonable daily rental

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-01346-CJC(ANx)                     Date: February 27, 2012
                                                    Page 2

---

value of the Property—from and including March 8, 2011, for each day Ms. Choe
continues in possession of the Property up to date of judgment. (*Id.*, Prayer.)

On September 6, 2011, Ms. Choe removed the action to this Court on the basis of
federal question and diversity jurisdiction. (Dkt. No. 1 [Notice of Removal].) Currently
before the Court is Plaintiff's motion to remand the case to state court based on lack of
subject matter jurisdiction, filed on February 3, 2012. (Dkt. No. 5.) Ms. Choe did not
submit an opposition. For the reasons discussed below, Plaintiff's motion is GRANTED.

**Discussion**

Legal Standard

A civil action brought in a state court, but over which a federal court may exercise
original jurisdiction, may be removed by the defendant to a federal district court. 28
U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a)
only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.,*
813 F.2d 1368, 1371 (9th Cir.1987); *Infuturia Global Ltd. v. Sequus Pharmaceuticals,
Inc.,* 631 F.3d 1133, 1135 n.1 (9th Cir.2011) ("[A] federal court must have both removal
and subject matter jurisdiction to hear a case removed from state court.") The burden of
establishing subject matter jurisdiction falls on the party seeking removal, and the
removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.,* 980
F.2d 564, 566 (9th Cir.1992) ("Federal jurisdiction must be rejected if there is any doubt
as to the right of removal in the first instance.") A federal court can assert subject matter
jurisdiction over cases that (1) involve questions arising under federal law or (2) are
between diverse parties and involve an amount in controversy that exceeds $75,000. 28
U.S.C. §§ 1331, 1332. Cases may also be removed to federal court if they are civil rights
cases within the meaning of 28 U.S.C. § 1443. If it appears that the federal court lacks
subject matter jurisdiction at any time prior to the entry of final judgment, the federal
court must remand the action to state court. 28 U.S.C. § 1447(c).

Federal Question Jurisdiction

This case appears to be a straightforward action for unlawful detainer, a state-law
claim, brought against a California resident under section 1161a of the California Code of
Civil Procedure. Plaintiff does not allege any causes of action under federal law in its

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-01346-CJC(ANx)                    Date: February 27, 2012
                                                   Page 3

---

Complaint.  Nevertheless, in her Notice of Removal, Ms. Choe suggests that this Court has federal question jurisdiction on the basis that she has filed a cross-complaint against Plaintiff for various violations of the Federal Debt Collection Practices Act.  (Not. of Removal ¶¶ 1–5.)  However, the Court agrees with Plaintiff that removal jurisdiction must be determined from the four corners of the complaint as it existed at the time of removal.  (*See* Pl.'s Mem. in Supp. Mot. for Remand, at 2).  There is no federal claim asserted in the Complaint at the time of removal.  Furthermore, although Ms. Choe suggests that she has filed a cross-complaint in state court, Plaintiff offered evidence that no such action exists according to the Orange County Superior Court docket, Case No. 30-2011-00457345.  (Pl.'s Req. for Jud. Notice, Exh. E [Docket].)  Ms. Choe has neither attached a copy of the purported cross-complaint to her Notice of Removal nor offered any evidence rebutting Plaintiff's claim.  The Court concludes that it has no federal question jurisdiction over this matter.

    Diversity Jurisdiction

    Ms. Choe has also removed the instant action on the basis of diversity jurisdiction. She states in her Notice of Removal that "it is apparent that the amount in controversy more likely than not exceeds $75,000."  (Not. of Removal ¶ 7; *see also id.* ¶ 10.)  Plaintiff does not dispute whether there is complete diversity of citizenship here.  However, the Court agrees with Plaintiff that Ms. Choe's assertion of satisfying the jurisdictional amount is flatly contradicted by the face of the Complaint, which states on the title page that "THE DEMAND DOES NOT EXCEED $10,000."  Although Plaintiff does not account for the requested amount of $98.07 per day that Ms. Choe has been in possession of the Property, the Court's independent calculation of the total amount does not yield a different result.  Plaintiff requests $98.07 per day that Ms. Choe is in possession of the Property, beginning on March 8, 2011 to September 6, 2011 (the date of removal).  This means that the total requested amount in damages is $17,946.81 (calculated by multiplying the total number of days (183 days) by $98.07 per day), which falls well below the jurisdictional threshold.  As Ms. Choe has failed to respond to the instant motion, she has not provided any evidence refuting this amount to show by a "legal certainty" or even by a "preponderance of the evidence" that the amount in controversy is above $75,000.  *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir.2007). The Court thus lacks diversity jurisdiction over this action.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 11-01346-CJC(ANx)                      Date: February 27, 2012
                                                     Page 4

---

**Conclusion**

     For the foregoing reasons, the Court GRANTS Plaintiff's motion and hereby REMANDS this action to the Orange County Superior Court.

jwp

MINUTES FORM 11
CIVIL-GEN                                            Initials of Deputy Clerk MU